Ronald H. Freshman, Esq. (SBN 225136)
Kimberly Cromwell, in pro per c/o
**LAW OFFICES OF RONALD H. FRESHMAN**
222 West 6th Street, Suite 400
San Pedro, CA 90731
Telephone: (858) 756-8288
Facsimile: (858) 964-1728

Ronald H. Freshman, Associated Attorney for Kimberly Cromwell; Attorney for William Paatalo; Kimberly Cromwell, pro per

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY CROMWELL; WILLIAM PAATALO,<br><br>Plaintiffs,<br><br>v.<br><br>CERTIFIED FORENSIC LOAN AUDITORS, LLC; ANDREW P. LEHMAN, AND DOES 1 THROUGH 10 INCLUSIVE,<br><br>Defendants. | Case No.: 4:17-cv-02429-DMR<br>Hon. Judge Donna M. Ryu<br><br>**RESPONSE TO COURT'S ORDER TO SHOW CAUSE AS TO WHY MATTER SHOULD NOT BE DISMISSED** |

Plaintiffs Kimberly Cromwell, in pro per, and William Paatalo, submit their Reply through Mr. Freshman, Counsel for Mr. Paatalo, and associated counsel for Ms. Cromwell, to this Court's Order to Show Cause why the matter should not be dismissed. Plaintiff's oppose the dismissal of this action on the basis that Ms. Cromwell was never served the Magistrate's Report and Recommendation (or reassignment of this matter), though she was properly served by the Court on prior pleadings and orders. Therefore Ms. Cromwell was prejudiced from responding with an opposition to the Magistrate's Findings.

-1-
**REPLY TO ORDER TO SHOW CAUSE AS TO WHY MATTER SHOULD NOT BE DISMISSED**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400.
San Pedro, CA 90731
Tel. (858) 756-8288

1    Mr. Freshman is an associated attorney who files, and appears on behalf of Ms.
2 Cromwell but is not in fact, her attorney. She is and has always represented herself as in
3 pro per, which the Court had recognized but for some explicable reason, stopped doing
4 so.  (Cromwell Decl., ¶ 5)
5    On May 31, 2017 the Court addressed a letter to Ms. Cromwell, and Mr. Freshman,
6 in which the letter was then served on Ms. Cromwell. (Cromwell Decl., ¶ 4, Exh. 1, Doc.
7 # 8)
8    On July 27, 2017 the Court served Ms. Cromwell the order setting the Case
9 Management and ADR schedule. (Cromwell Decl., ¶ 4, Exh. 2, Doc.  # 13)
10    On November 28 ,2017, Ms. Cromwell was served the Clerk's Notice of Entry of
11 Default for Mr. Lehman and CLFA.  (Cromwell Decl., ¶ 4, Exh. 3 and 4, Docs. ## 29,
12 30-1 referencing # 30)
13    While Mr. Lehman sought to be allowed to file and be noticed through Pacer, Ms.
14 Cromwell has not.    Every paper has noticed the Court that Mr. Freshman is associated,
15 but that Ms. Cromwell is specifically, in pro per.  The record is absent of any substitution
16 of attorney, or request that notices be served on Mr. Freshman; the caption page says in
17 c/o but does not request service through or on him.  Therefore, she was entitled to notice
18 and service of the Magistrates Report and Recommendation, which she did not receive
19 and was thereafter, deprived of objection to said report.  (Doc. # 71, filed on Jan. 10,
20 2019) Ms. Cromwell requests time to file an objection. (Cromwell Decl., ¶ 7)
21    The Magistrate Judge's acts in regards to Mr. Lehman's motion to set aside the
22 default was confusing. At the hearing on August 30, 2018, she stated she would grant the
23 motion and issue an order. But no order was forth coming. On October 9, 2018, a letter
24 was sent to the judge, outlining the confusion surrounding whether the default was being
25 set aside or not as the court had set a second hearing on the motion to set aside the default.
26 (Cromwell Decl., ¶ 6, Doc. # 64, as Exh. 5)  Not only did Mr. Lehman delay and delay,
27 then the Court delayed having the default set aside and having Mr. Lehman answer the
28

-2-

**REPLY TO ORDER TO SHOW CAUSE AS TO WHY MATTER SHOULD NOT BE DISMISSED**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400.
San Pedro, CA 90731
Tel. (858) 756-8288

complaint. Plaintiffs were prejudiced with this unusual and confusing delay from the Court. Respectfully, no decision on the default judgment in regards to Mr. Lehman should be made until this issue is determined. If the default is being set aside, then motion for a default judgement would be moot as to Mr. Lehman and Plaintiffs should be allowed litigate these issues on the merits. It is procedurally improper and would be judicial error to decide the issue of the default judgment knowing it is setting aside the default against Mr. Lehman.

The court held the default judgment should be denied as to the damages, because it found that no damages could be awarded. That is prejudicial and in error; a full investigation through this litigation could and most likely, will affect Plaintiffs claim for damages. Either the matter is to be settled on the merits, or not. It is prejudicial and unfair to state that the default should be set aside for Mr. Lehman because the matter should be decided on the merits, then deny Plaintiffs the benefit of a full evidentiary investigation of the issues to better plead their damages based on a default judgement that should, procedurally, moot the default judgment as to Mr. Lehman.

By moving forward with denying the default judgment, and a dismissal, Plaintiffs have been deprived of amending their complaint. If the law does not hold for damages for the copyright infringement, then Plaintiffs should be allowed to amend their complaint to provide further factual allegations to support their right to relief from the defendant's acts.

Which leads back to the court's finding that the copyright act holds the exclusive remedy for copyright infringement, further holding since the negligence claim premised on the same facts of the copyright infringement, it was pre-empted by the copyright act. Respectfully, the Judge missed the actual allegation of the complaint. The negligence claim was not based on the copyright infringement, the negligence claim was based on _defendant's distribution of the eBook for free_ which eviscerated Plaintiffs market for the

-3-

**REPLY TO ORDER TO SHOW CAUSE AS TO WHY MATTER SHOULD NOT BE DISMISSED**

1  eBook and destroyed their ability to recoup their investment. (Doc. 1, ¶ 60- stating
2  Plaintiffs were seeking damages for distribution of eBook as a "free article.")
3        Under California law, Civil Code § 714(a) every person has a general duty to
4  exercise due care. Although it is true that some exceptions have been made to the general
5  principle that a person is liable for injuries caused by his failure to exercise reasonable
6  care in the circumstances, it is clear that in the absence of statutory provision declaring
7  an exception to the fundamental principle enunciated by section 1714 of the Civil Code,
8  no such exception should be made unless clearly supported by public policy." (*Rowland
9  v. Christian* (1968) 69 Cal.2d 108, 112 [70 Cal.Rptr. 97, 443 P.2d 561]. 'The elements
10 of a cause of action for negligence are well established. They are "(a) a legal duty to use
11 due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal
12 cause of the resulting injury." ' " (*Ladd v. County of San Mateo* (1996) 12 Cal.4th 913,
13 917 [50 Cal.Rptr.2d 309, 911 P.2d 496].)  This is even more relevant in regards to Mr.
14 Lehman because he bases his business on eBooks as well, and therefore, he had the
15 foresight to recognize that by distributing the eBook for free, he was in fact, eviscerating
16 Plaintiff's ability to recoup their investment into development of the book. *Rowland v.
17 Christian, supra* at p. 113. Whether the eBook was copyrighted or not, he had no legal
18 right to distribute the Plaintiffs property for free. There are several issues with the Report
19 and Recommendations, and therefore, Ms. Cromwell respectfully requests time to
20 provide a brief objecting to the Magistrate's Findings and Recommendations, in which
21 she can better support the error in holding the negligence claim is pre-empted or that
22 Plaintiffs did not properly support their claim for damages.

24 Dated: February 20, 2019        /s/Ronald H. Freshman
                                   Ronald H. Freshman,
25                                 Attorney for William Paatalo;
26                                 Associated Attorney for Kimberly Cromwell,
                                   Plaintiff in pro per

*Law Offices of Ronald H. Freshman*
222 West 6th Street, Suite 400.
San Pedro, CA 90731
Tel. (858) 756-8288

**CERTIFICATE OF SERVICE**
USDC Northern District Case No.: 4:17-cv-02429-DMR

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 222 West 6th Street, Suite 400, San Pedro, CA 90731.  On February 20, 2019, I served the foregoing document described as **RESPONSE TO COURT'S ORDER TO SHOW CAUSE AS TO WHY MATTER SHOULD NOT BE DISMISSED** on the interested parties in this action.

 X   **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing to the parties and/or counsel who are registered CM/ECF users, set forth in the service list obtained from this Court:

ANDREW P. LEHMAN
94 Bayou Lane
Kemah, Texas 77565
andrew@certifiedforensicloanauditors.com
Plaintiff, *pro se*

X  **BY UNITED STATES MAIL:** I am "readily familiar" with the practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited in a box or other facility regularly maintained by the United States Postal Service with First-Class postage thereon fully prepaid that same day at San Pedro California, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Certified Forensic Loan Auditors, LLC
ATTN: EDGAR B PEASE, III
13101 W. Washington Blvd., Suite 444
Los Angeles, CA 90066

   X     (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on February 20, 2019, at San Pedro, California.

       /s/ Melissa Alvarez
MELISSA ALVAREZ

-5-

**REPLY TO ORDER TO SHOW CAUSE AS TO WHY MATTER SHOULD NOT BE DISMISSED**