UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KIMBERLY S. CROMWELL, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CERTIFIED FORENSIC LOAN AUDITORS, et al.,<br><br>　　　　Defendants. | Case No: C 17-02429 SBA<br><br>**ORDER DISMISSING ACTION** |

Plaintiffs Kimberly Cromwell ("Cromwell") and William Paatalo ("Paatalo") (collectively, "Plaintiffs") bring the instant copyright infringement suit against Defendants Andrew P. Lehman ("Lehman") and Certified Forensic Loan Auditors ("CFLA") (collectively, "Defendants).

## I. BACKGROUND

### A. FACTUAL BACKGROUND

Plaintiffs are co-owners of the eBook, "Pretender Lenders: How Table Funding and Securitization Go Hand in Hand," published in December 2015. Compl. ¶¶ 7-8, 13, Dkt. 1. Cromwell holds the copyright to the eBook. Id. ¶¶ 7, 12. However, at all relevant times, the eBook was not registered with the Copyright Office. R. & R. at 34, Dkt. 71. Plaintiffs offered the eBook for sale on the website infotofightforeclosure.com at a price of $39.99. Compl. ¶ 13. From December 10, 2015 through December 31, 2016, Plaintiffs sold 15 copies of the eBook, with increased traffic to the website. Id. ¶¶ 14-15.

CFLA is a California limited liability corporation that operates the website certifiedforensicloanauditors.com. Id. ¶ 9. Lehman is an officer of CFLA and presents himself as an expert in table funding and securitization. Id. ¶ 10. Plaintiffs allege that, in

or about February 2016, Defendants began offering the eBook or portions thereof on CFLA's website and Lehman's LinkedIn profile for free. Id. ¶¶ 17-18, 21. Defendants published the eBook without authorization. Id. ¶¶ 19-20. On June 5, 2016, Plaintiffs discovered the alleged infringement and sent CFLA a cease and desist notice. Id. ¶ 22. On June 24, 2016, Defendants removed the infringing material. Id. ¶¶ 27-30.

### B. PROCEDURAL BACKGROUND

Plaintiffs filed the instant action on April 27, 2017, alleging causes of action for copyright infringement, unjust enrichment, and negligence. Defendants failed to timely answer or respond to the Complaint. Consequently, the Clerk entered Lehman's default on November 7, 2017, Dkt. 28, and entered CFLA's default on November 28, 2017, Dkt 30.

On July 19, 2018, Lehman filed a Motion to Set Aside Clerk's Entry of Default. Dkt. 36. On July 26, 2018, Plaintiffs filed a Motion for Default Judgment, requesting that judgment be entered against Lehman and CFLA, jointly and severally. Dkt. 40. Magistrate Judge Ryu, to whom the action was originally assigned, held separate hearings on the motions on August 30 and November 8, 2018. Following the hearings, she ordered Plaintiffs to file a supplemental brief on the issue of damages, which Plaintiffs filed on November 30, 2018. Dkt. 70.

On January 10, 2019, Magistrate Judge Ryu issued a Report and Recommendation ("R&R"), wherein she recommended granting Lehman's motion to set aside the Clerk's entry of default and denying Plaintiffs' motion for default judgment. R. & R. at 1.[1]

On the motion for default judgment, Magistrate Judge Ryu found that, while Plaintiffs successfully state a claim for copyright infringement, their claims for negligence and unjust enrichment are preempted by the Copyright Act. R. & R. at 16-18. Regarding the copyright infringement claim, Magistrate Judge Ryu found that Plaintiffs fail to demonstrate their entitlement to any of the requested relief, i.e., actual damages, punitive damages, injunctive relief, attorneys' fees and costs. Id. at 20-24. As actual damages,

---

[1] Because Lehman is proceeding pro per, he cannot represent CFLA. See R. & R. at 2 n.1. Thus, CFLA remains in default. Id.

Plaintiffs seek $60,000, the purported value of their investment in the eBook, which they calculate by multiplying their "billing rate" by the number of hours they spent creating the eBook. Id. at 20. Magistrate Judge Ryu found that this theory of damages is unsupported and legally defective, and thus, that the requested damages are unrecoverable. Id. at 20-21.

Objections to the R&R were due January 24, 2019. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a), (d); Civ. L.R. 72-2 & 72-3. The Court received no objections. On February 12, 2019, the Court issued an Order Adopting Report and Recommendation and Order to Show Cause Why Action Should Not Be Dismissed ("OSC"). Dkt. 74. The Court granted Lehman's motion to set aside the entry of default and denied Plaintiffs' motion for default judgment. The Court also ordered Plaintiffs to show cause why the action should not be dismissed with prejudice for failure to establish their entitlement to any remedies.

On February 20, 2019, Plaintiffs filed a Response to Court's Order to Show Cause as to Why Matter Should Not Be Dismissed ("Response"). Dkt. 75. Plaintiffs assert that Cromwell is proceeding pro per in this action, with attorney Ronald H. Freshman ("Freshman") acting only as "associated counsel." Id. at 1.[2] Plaintiffs assert that Cromwell was not properly served with the R&R, and thus, "prejudiced from responding with an opposition to the Magistrate's Findings." Id. Cromwell requests time to file an objection to the R&R. Plaintiffs also oppose dismissal of the action, arguing that they are entitled to a "full evidentiary investigation" on the issue of damages. Id. at 3.

## II. DISCUSSION

### A. THE RESPONSE IS A NULLITY AS TO CROMWELL

"Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name–*or by a party personally if the party is unrepresented.*" Fed. R. Civ. P. 11(a) (emphasis added). Plaintiffs' Response is signed by Freshman only. Thus, the Response is *not* filed on behalf of Cromwell, who claims to be proceeding pro per. See Cromwell Decl. ¶¶ 3-5 (asserting that Cromwell is prosecuting this

---

[2] Cromwell is not an attorney. She is a law student and certified paralegal who works in the Law Offices of Ronald H. Freshman—her associated counsel. Dkt. 52 ¶¶ 1, 4.

action in pro per and has never hired or retained Freshman to represent her in this matter), Dkt. 75-1. Because Cromwell did not sign the Response, it is a nullity insofar as it purports to represent her interests. Nevertheless, given Cromwell's assertion that the Response represents her views in this matter, and in the interests of expediency and thoroughness, the Court will consider the substance of the Response in its entirety.

### B. SERVICE OF THE R&R

Cromwell asserts that she was not served with the R&R and was thereby "prejudiced from responding with an opposition to the Magistrate's Findings." Response at 1. She claims to be entitled to mail service—which she received from the inception of the action through November 28, 2017—because she represents herself in this action. Id. at 2. Regarding the papers that Freshman has filed on her behalf, Cromwell asserts: "Every paper has noticed the Court that Mr. Freshman is associated, but that Ms. Cromwell is specifically, in pro per. The record is absent of any substitution of attorney, or request that notices be served on Mr. Freshman; the caption page says in c/o but does not request service through or on him." Id.

The Court finds Cromwell and Freshman's assertions disingenuous and highly troubling. Although Cromwell personally signed the Complaint in this action and was initially regarded as a pro per party, her status changed because Freshman began submitting filings on her behalf and without her signature. See Docket (showing Cromwell as represented by Freshman). Specifically, on July 26, 2018, Plaintiffs filed a Motion for Default Judgment, signed only by Freshman. Dkt. 40. This violates Rule 11(a), which provides that motions must be personally signed by any unrepresented party. At the top of the first page of the motion, the caption states, in pertinent part:

> Ronald H. Freshman, Esq. (SBN # 225136)
> Kimberly Cromwell, in pro per c/o
> LAW OFFICES OF RONALD H. FRESHMAN
> 222 West 6th Street, Suite 400
> San Pedro, CA 90731

Id. This violates Civil Local Rule 3-4(a)(1), which provides that the first page of each paper presented for filing must set forth the name and address of any pro per party.

- 4 -

Thereafter—from July 26, 2018 to present—Cromwell has not received personal service of court documents. She has nevertheless fully participated in the action and responded to the Court's orders. For example, on August 23, 2018, the Court issued an order directing Cromwell to correct a declaration filed in support of the motion for default judgment. Dkt. 50. Cromwell filed a corrected declaration on August 24, 2018. Dkt. 51. Cromwell also filed motions to appear telephonically at various hearings, and apparently received the Court's orders granting those requests. Additionally, on November 8, 2018, the Court issued an order directing Plaintiffs to file a supplemental brief in support of the motion for default judgment. Dkt. 69. Cromwell filed a supplemental brief on November 30, 2018. Dkt. 70. It thus appears that she has received timely notice of the Court's orders.

Tellingly, on August 24, 2018, Cromwell submitted a declaration to the Court wherein she stated that she is a Sr. Contract Paralegal in the Law Offices of Ronald H. Freshman—the offices of her associated counsel. Dkt. 52 at 1. She attests to having personal knowledge of the fact that, on August 23, 2018, "an electronic notification was sent out requesting [that] the exhibits to [her] declaration [in support of the motion for default judgment] be corrected." Id. ¶ 3. Upon her arrival at work on August 24, 2018, Cromwell "review[ed] her emails" and "saw the request that the correct exhibits be filed with the court." Id. ¶ 7. She "immediately sent the correct exhibits to [the office's] legal assistant and requested they be filed." Id. ¶ 8. From the averments in this declaration, it is clear that Cromwell is, in fact, privy to the notices received by Freshman, either directly in her capacity as an employee of his office or indirectly through her association with him.

Despite the forgoing, Cromwell now asserts that she has been prejudiced by the lack of personal service. As stated above, the Court finds this claim disingenuous. Although Cromwell claims to represent herself in this action, her substantive filings (save for the Complaint) have been signed only by Freshman, who has been listed as her attorney of record in the electronic court filing ("ECF") program since July 2017. Even if the change in Cromwell's representation status was inadvertent, it is due to her and her associated counsel's violations of Rule 11 and Local Rule 3-4(a)(1). Thus, Cromwell waived her right

to receive personal service.[3]  Moreover, Cromwell was not prejudiced by the lack of service.  Given her professional association with Freshman and continued participation in this action, it is evident that Cromwell has had notice of the Court's Orders, even if she has not been served with the same.  In fact, although Cromwell complains of a lack of mail *service*—either at her address or Freshman's address—she tellingly does not aver that she lacked *actual notice* of the R&R.  Accordingly, Cromwell has not shown that she is entitled to leave to file a belated objection.

### C. OBJECTION TO THE R&R

Setting aside the issue of service, Cromwell fails to identify any error in the R&R that warrants granting her leave to file an objection.[4]  The only purported error that she identifies is Magistrate Judge Ryu's finding that Plaintiffs' negligence claim is preempted by the Copyright Act.  As discussed below, that finding is supported and legally correct.

The Copyright Act expressly preempts any common law or state law claim asserting legal or equitable rights that are "equivalent to any of the exclusive rights" granted under the Act.  17 U.S.C. § 301; see also Laws v. Sony Music Entm't, Inc., 448 F.3d 1134, 1137-38 (9th Cir. 2006) (a claim is preempted if the subject matter of the claim falls within the subject matter of the Copyright Act and the rights asserted under state law are equivalent to the rights granted under the Act).  The rights granted under the Act include the exclusive rights to reproduce and distribute a copyrighted work.  17 U.S.C. § 106; see also Laws, 448 F.3d at 1143 ("Section 106 provides a copyright owner with the exclusive rights of reproduction, preparation of derivative works, distribution, and display.").

In the R&R, Magistrate Judge Ryu noted that Plaintiffs allege no additional facts to support their claim for negligence.  R. & R. at 17.  Finding that "[t]he essential allegation

---

[3] Indeed, if Freshman does not represent Cromwell in this action, the filings he has made on her behalf, including the motion for default judgment, are void.  See supra § II.A.  Cromwell would therefore have no standing to object to the R&R recommending denial of the motion for default judgment or this Court's Order adopting the R&R.

[4] Notably, Paatalo did not file an objection to the R&R, despite being represented by the same attorney who prepared the instant Response.

1 for the negligence claim is that CFLA 'published a copyrighted eBook on its website,'"
2 Magistrate Judge Ryu soundly concluded that the subject matter of the negligence claim
3 falls within the subject matter of the Copyright Act. Id.

4 Cromwell now asserts that Magistrate Judge Ryu "missed the actual allegation of the
5 complaint" because Plaintiffs' "negligence claim was not based on the copyright
6 infringement, [but] on *defendant's distribution of the eBook for free* . . . ." Response at 3
7 (emphasis in original). This is a distinction without a difference. As stated above, the
8 Copyright Act grants the exclusive right of distribution. This right is impaired regardless of
9 whether an alleged infringer distributes a copyrighted work for free or for a fee. See
10 generally A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1017 (9th Cir. 2001)
11 ("Having digital downloads available for free . . . necessarily harms the copyright holders'
12 attempts to charge for the same downloads."). The allegation that Defendants distributed
13 the eBook for free thus "does not add any 'extra element' which changes the nature of the
14 action." Laws, 448 F.3d at 1143. Leave to file an objection is therefore unwarranted.

15 **D.   DAMAGES**

16 Finally, turning to the subject matter of the OSC, Plaintiffs fail to adequately
17 respond to the Court's order requiring them to show cause why the action should not be
18 dismissed for failure to demonstrate their entitlement to any remedy. Plaintiffs simply
19 argue that it is "prejudicial and unfair" to set aside the default against Mr. Lehman and then
20 dismiss the action "based on a default judgment that should, procedurally, [be] moot . . . as
21 to Mr. Lehman." Response at 3. They assert that "a full investigation through this
22 litigation could and most likely[] will affect Plaintiffs['] claim for damages." Id.

23 Plaintiffs misapprehend the import of the Court's conclusions in denying the motion
24 for default judgment. Regarding actual damages—the only remedy currently advanced by
25 Plaintiffs—the Court found that Plaintiffs' *theory* of damages, i.e., the recovery of their
26 investment in the infringed product, is legally defective. R. & R. at 21. "Although
27 uncertainty as the *amount* of damages will not preclude recovery [in a copyright action],
28 uncertainty as to the *fact* of damages may." Frank Music Corp. v. Metro-Goldwyn-Mayer,

Inc., 772 F.2d 505, 513 (9th Cir. 1985) (emphasis added). Here, it is not the amount of damages in dispute, but the fact of damages. As determined by Magistrate Judge Ryu, the damages sought are unrecoverable. This finding applies to both Lehman and CFLA.

In response to the OSC, Plaintiffs do not challenge the Court's conclusion that their theory of damages is legally defective; rather, they make the vague and conclusory assertion that an investigation will "affect" their claim for damages. They do not identify any specific discovery that may bear on the issues of damages, however. Nor do they offer any alternative theory of damages. Indeed, insofar as Plaintiffs' *theory* of damages is legally defective, an *evidentiary* investigation would serve no purpose and be futile.[5] Accordingly, dismissal is proper. See Moore v. Untied Kingdom, 384 F.3d 1079, 1090 (9th Cir. 2004) (dismissal is proper where a plaintiff is not entitled to default judgment because he fails to state "a claim or right to relief"); see also Seismic Reservoir 2020, Inc. v. Paulsson, 785 F.3d 330, 335-36 (9th Cir. 2015) (affirming the district court's sua sponte dismissal of a claim upon which the court could not, as a matter of law, provide a remedy).

## III. **CONCLUSION**

In view of the foregoing, IT IS HEREBY ORDERED THAT:

1. Cromwell's request for leave to file an objection to the R&R is DENIED.

2. Plaintiffs' action is DISMISSED with prejudice.

3. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 4/12/19

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

---

[5] Although the Complaint requested statutory damages in the alternative, the Court notes that statutory damages are unavailable because the eBook was not registered with the Copyright Office. See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 699 (9th Cir. 2008) ("Section 412(2) mandates that, in order to recover statutory damages, the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work.") (citing 17 U.S.C. § 412(2)); see also R. & R. at 23-24.